UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRIN ROBERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-546-JD-AZ |
| TANISHA QUIROGA and CALEB STORY, | |
| Defendants. | |

OPINION AND ORDER

Darrin Roberson, a prisoner without a lawyer, filed a complaint against Tanisha Quiroga and Officer Caleb Story alleging he was not given medically appropriate food while he was serving his sentence at the Allen County Jail in 2024. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Roberson alleges that on December 6, 2024:

> Despite informing nursing [and] the kitchen of my need for medically appropriate food, I was continuously served food that's greasy/oily and caused me severe and painful acid reflux. I filed a grievance on 12/6/24

> and was told to talk to nursing again. I feel like I'm being given the run-around, going in circles instead of getting solutions to my problems.

ECF 1 at 2. In his December 6, 2024, grievance, he complained that "[f]ood is flaring up my acid reflex food is too water[y] (greasy, oily, etc) and it's not season." ECF 1-1 at 1. Roberson noted in his grievance that he had talked to the kitchen staff in an attempt to resolve the issue. *Id*. Officer Story responded to Roberson's grievance telling him to "[p]lease write to nursing, or more specifically, the dietician on this issue. Officers [d]o not control what comes up on the trays." *Id*. at 2. He seeks monetary and punitive damages. ECF 1 at 4.

Because Roberson alleges the events in this case happened after he was convicted and serving his sentence at the Allen County Jail, an Eighth Amendment analysis is appropriate for screening his complaint. "The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective

2

prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Roberson initially sues Tanisha Quiroga, who appears to work in the kitchen. However, other than asserting he talked to kitchen staff about being served greasy and oily food that did not meet his medical needs, he has not provided any details about his interactions with Quiroga. To be held liable under 42 U.S.C. § 1983, a defendant must have personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Roberson's allegations are too vague to state a constitutional claim.

To the extent Roberson may have also intended to sue the kitchen staff, other than listing Quiroga as a defendant, he does not list individual names of the kitchen staff. He has not stated any plausible claims against the kitchen staff as a whole. *See*

3

*Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). He may not proceed against the kitchen staff.

As to Officer Story, Roberson asserts that Officer Story responded to his grievance by telling him to write to the jail's nursing staff or dietician because officers do not control "what comes up on the trays." ECF 1-1 at 2. Other than Officer Story's response to his grievance, Roberson has not indicated if he had any other interactions with Officer Story. Because his allegations are vague and lacking in necessary detail, he may not proceed against Officer Story.

This complaint does not state a claim for which relief can be granted. If Roberson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Darrin Roberson until **August 26, 2025**, to file an amended complaint; and

(2) CAUTIONS Darrin Roberson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 28, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT