UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRIN ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>TANISHA QUIROGA, CALEB STORY, and CINTHIA,<br><br>Defendants. | CAUSE NO. 1:24-CV-546-JD-AZ |

OPINION AND ORDER

Darrin Roberson, a prisoner without a lawyer, filed an amended complaint against Kitchen Staff Supervisor Tanisha Quiroga, Medical Staff Supervisor Cinthia, and Officer Caleb Story alleging that in 2024 when he was housed at the Allen County Jail he was served food that did not meet his dietary needs and caused him to have severe acid reflux and abdominal pain. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Roberson alleges essentially the same facts as he did in his original complaint. He initially asserts that when he arrived at the Allen County

Jail in September 2024, he was served food that did not meet his dietary needs. ECF 14 at 2. The food was cold, half cooked, watery, and greasy and caused him to have severe acid reflux and abdominal pain. *Id*.

In November 2024, Roberson sent Kitchen Staff Supervisor Quiroga a request form complaining about the poor quality of the food. *Id*. Supervisor Quiroga responded to Roberson telling him that he had a medical problem and should contact the medical staff to make an appointment. *Id*. Roberson then made an appointment with the medical staff and spoke to Medical Staff Supervisor Cinthia about how the food was causing him to have severe acid reflux and abdominal pain. *Id*. However, Supervisor Cinthia told Roberson that he did not have a medical issue, but instead he required a special diet which the kitchen staff would need to prepare for him. *Id*. Roberson gave this information to Supervisor Quiroga, who told him that "all prisoners eat the same meal" and if he had a problem he needed to talk to the medical staff. *Id*. at 2-3. Roberson subsequently filed grievances because he believed his constitutional rights had been violated. *Id*. at 3.

In his amended complaint, Roberson asserts the events in this case occurred while he was "confined awaiting trial" and after he was "convicted while confined serving the sentence." *Id*. at 4. Thus, this case implicates both the Eighth and Fourteenth Amendments.

"The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts

conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Roberson has sued Supervisor Quiroga alleging he was served cold, half cooked, watery, and greasy food that did not meet his dietary needs. He informed Supervisor Quiroga that the poor quality of the food caused him to have severe acid reflux and abdominal pain, but she did not provide him with a different diet. While Roberson asserts Supervisor Quiroga's actions violated his rights under the Eighth Amendment,

she considered his complaint about the food and took specific action by directing him to contact the medical staff to address his issues. Supervisor Cinthia told Roberson that he did not have a medical issue, but instead he required a special diet which the kitchen staff would need to prepare for him. However, Roberson does not allege that Supervisor Cinthia ordered a special diet that Supervisor Quiroga was to prepare for him or that he had some other type of medical order for a special diet. Thus, Supervisor Quiroga's alleged actions do not permit a plausible inference that she acted with deliberate indifference. Furthermore, even though Roberson is entitled to nutritionally adequate and safe food, he is not entitled to well-prepared food or food that is appetizing. *See Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) ("Prisoners have a right to adequate food, but not to food that is tasty or even appetizing.") (quoting *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004)); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) ("complaints about cold and poorly-prepared food" do not state an Eighth Amendment claim). Therefore, Roberson has not stated an Eighth Amendment claim against Supervisor Quiroga.

Under the Fourteenth Amendment, "[p]re-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*,

933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. Here, the court cannot plausibly infer from the allegations in the amended complaint that it was objectively unreasonable for Supervisor Quiroga to assess Roberson's severe acid reflux and abdominal pain as constituting a medical issue that should be addressed by medical staff. Therefore, Roberson has not stated a Fourteenth Amendment claim against Supervisor Quiroga.

Roberson has also sued Supervisor Cinthia. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and

subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Roberson indicated he had severe acid reflux and abdominal pain, which he attributed to his diet. However, Supervisor Cinthia told Roberson that complaints about his diet needed to be addressed by the kitchen staff. Thus, it can plausibly be inferred from the allegations in Roberson's amended complaint that he approached

Supervisor Cinthia with a serious medical condition and she did nothing to assist him or assess his condition, including ordering him a special diet. Therefore, Roberson has stated an Eighth Amendment claim for deliberate indifference against Supervisor Cinthia.

Furthermore, in bringing a medical claim under the Fourteenth Amendment, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Given the events in this case, it can plausibly be inferred from the allegations in the amended complaint that it was objectively unreasonable for Supervisor Cinthia to determine that Roberson did not require medical intervention for his serious medical condition. Therefore, Roberson may proceed on a Fourteenth Amendment claim against Supervisor Cinthia.

Roberson has also sued Officer Caleb Story. However, other than listing Officer Story as a defendant in the caption of the case, Roberson never mentions him in the body of his amended complaint. Here, Roberson has not described how Officer Story was personally involved in the events in this case. *See Burks v. Raemisch*, 555 F.3d 592,

596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Therefore, Roberson has not stated a claim against Officer Story.

For these reasons, the court:

(1) GRANTS Darrin Roberson leave to proceed against Medical Staff Supervisor Cinthia in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious medical condition beginning in September 2024, in violation of the Eighth Amendment;

(2) GRANTS Darrin Roberson leave to proceed against Medical Staff Supervisor Cinthia in her individual capacity for compensatory and punitive damages for determining that he did not require medical intervention for his serious medical condition beginning in September 2024, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Kitchen Staff Supervisor Tanisha Quiroga and Officer Caleb Story;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Medical Staff Supervisor Cinthia at Quality Correctional Care, LLC, with a copy of this order and the amended complaint (ECF 14);

(6) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Medical Staff Supervisor Cinthia to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 19, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT